FELIPA ALSIEUX Y VIZCARRONDO, Plaintiff and Appellant, v. MANUEL SANTISTEBAN GUADALUPE ET UX., Defendants and Appellees.

No. 4920. Argued January 21, 1930.—Decided February 14, 1930.

*M. Martínez Dávila,* for appellant.   *T. Bernardini de la Huerta,* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal is taken from a judgment dismissing the action upon a ruling made sustaining a demurrer interposed to the complaint by the defendants on the ground of lack of facts sufficient to constitute a cause of action.

The complaint, which was filed in 1928, substantially alleges that the plaintiff was married to José Frontera Marqués up to the year 1916, when their marriage was dissolved pursuant to a decree of divorce; that in that same year a liquidation of the conjugal partnership was made without bringing into the liquidation the rural property described in the complaint and which the husband purchased by a private instrument during said marriage; that when the said property was recorded in the registry of property in the name of the husband, in pursuance of certain dominion title proceedings, the registrar noted in the record the fact that José Frontera Marqués was married, both at the time of the purchase and of the institution of the dominion title proceedings, and that accordingly the property was community (*ganancial*) property; that subsequently the defendant spouses purchased from José Frontera Marqués the property in question, which was recorded in the registry in the name of the purchasers, subject to the reservations set out in the original record; and that the defendants refuse to recognize the plaintiff as the owner of an undivided one-half interest therein and to de-

liver to her in that proportion the fruits of the property which she estimates at $4,500 for the nine years elapsed since their purchase thereof. On the strength of such allegations, she prayed for judgment declaring the plaintiff to be the owner of an undivided one-half share in the property and ordering the defendants to pay to the plaintiff the sum of $4,500 as compensatory damages for the fruits gathered from such share.

The grounds upon which the trial court based its ruling on the demurrer and its consequent judgment dismissing the action were that, under section 36 and subdivision 2 of section 37 of the Mortgage Law, the defendants are third persons (*terceros*) and, accordingly, the action has prescribed as to them by reason of the lapse of one year; and that an action for the annulment of the sale to the defendants is barred under section 1268 of the Civil Code. The appellant maintains that these grounds are erroneous.

It is provided by the Mortgage Law in the subdivision and sections thereof which the trial court has cited, that rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests in accordance with the provisions of this law; and that there are excepted from that rule, actions for the rescission of conveyances made for the purpose of defrauding creditors, when such alienation has been made under a gratuitous title, or when the third person has been a party to the fraud; and that in either case third persons shall not be prejudiced by a rescissory action not brought within one year from the date of the fraudulent conveyance.

A fair reading of the foregoing provisions is sufficient to conclude that they are not applicable to the case at bar, since the facts alleged in the complaint do not show that the plaintiff is bringing any action for the rescission or resolution of the sale from José Frontera to the defendant spouses, nor does the complaint set out any averment of fraud. Even if a rescissory or resolutory action were involved herein, such

an action would not be barred by reason of the lapse of one year, for, under subdivision 1 of section 37 of the said law, rescissory and resolutory actions, which owe their origin to causes which specifically appear in the registry, are excepted from the rule established in section 36 already cited; and it is alleged in the complaint that in connection with the original record, made in the name of Frontera, the registrar recorded the fact that the property had been purchased by the husband during his marriage to the plaintiff and was therefore community property.

Nor can application be made in the present case of section 1268 of the Civil Code, which fixes at four years the time within which to bring actions for the annulment of contracts, for, as we have already stated, the purpose of the action is not to annul the sale from Frontera to the defendants. The action brought herein seeks a declaration to the effect that the plaintiff is the owner of an undivided one-half interest in the property by reason of its having been purchased by the conjugal partnership existing at the time between her and her former husband, which interest she still holds as she has not alienated the same; and that, accordingly, the defendants are owing to her the fruits gathered by them appurtenant to such interest.

Therefore, the grounds on which the trial court based its action in sustaining the demurrer of the defendants and in rendering the judgment appealed from are erroneous. The judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.